# UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Case No. 12-CR-0063-CVE |
| BRIAN EDWARD RUHL, | ) ) ) | |
| Defendant. | ) | |

## OPINION AND ORDER

Now before the Court is defendant's Unopposed Motion to Continue Jury Trial and Related Dates (Dkt. # 11). Defendant asks the Court to continue the jury trial of this matter "to a date no earlier than the August trial docket." Dkt. # 11, at 1. He has filed a speedy trial waiver requesting that all delays from the current trial setting of May 21, 2012 to August 20, 2012 be excluded under 18 U.S.C. § 3161(h)(7). Dkt. # 12. The government does not oppose defendant's request for a continuance. Defendant is charged with three counts of distribution of child pornography in violation of 18 U.S.C. § 2252(a)(2), and one count of possession and attempted possession of child pornography in violation of 18 U.S.C. § 2252(b)(2). Violation of 18 U.S.C. § 2252(a)(2) – as charged in counts one through three of the indictment – would be punished by a mandatory minimum term of imprisonment of five years.

When a child pornography offense is accomplished or attempted to be accomplished through the use of a computer and the Internet, as is alleged in this case, discovery is made more difficult by the requirements of 18 U.S.C. § 3509(m). Defense counsel states that the government has seized two laptop computers, one external hard drive, and one hard drive from a desktop computer, and the government has preserved evidence from Internet activity involving a peer-to-peer network. Dkt. # 11, at 2. Defense counsel maintains that his expert will be required to obtain mirror images of the

computer drives and conduct his examinations of those drives at a government facility, and the expert will need additional time to accomplish those examinations.

Defendant has an extensive medical history dating back to infancy, including one or more medical conditions that may have caused or contributed to significant cognitive impairment, and defendant's entire elementary and secondary education occurred within an Individualized Education Program (IEP). Defense counsel has learned that defendant is presently prescribed a number of medications by his psychiatrist. Defense counsel maintains that additional time is needed to acquire and review defendant's school, medical, and counseling records. Defense counsel also intends to engage a psychologist to conduct an evaluation of defendant's mental condition presently and at the time of the alleged offenses, and he may need to file pretrial motions pursuant to Fed. R. Crim. P. 12.2 and/or 18 U.S.C. § 4241.

Defendant resides with his mother in Vinita, Oklahoma. Defendant does not have and cannot obtain a driver's license due to his medical conditions, and he is dependent on his mother for transportation. Defense counsel states that logistical problems associated with scheduling necessary attorney-client meetings have delayed his trial preparation, and he needs additional time to prepare an adequate defense. He also states that the Federal Public Defender for the Northern District of Oklahoma is presently operating with only two of its four attorneys, and his caseload is such that he cannot reasonably prepare this case for pretrial motions and trial within the time frame contemplated by the current scheduling order.

Defendant's request for a continuance falls under § 3161(h)(7)(A) of the Speedy Trial Act. This section permits a federal district court to exclude any period of delay resulting from a continuance if "the judge granted such continuance on the basis of his findings that the ends of

justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A). A court must orally or in writing set forth its reasons for granting an ends-of-justice continuance and make findings that a continuance is in the best interest of the defendant and the public. Id. The statute directs a court to consider, among other things, whether "the failure to grant such a continuance . . . would deny counsel for the defendant or the attorney for the Government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence." Id. at § 3161(h)(7)(B)(iv). The Tenth Circuit has been clear that an ends of justice continuance should not be granted "cavalierly" and it was intended to be a "rarely used tool." United States v. Williams, 511 F.3d 1044, 1048-49 (10th Cir. 2007).

In United States v. Toombs, 574 F.3d 1262 (10th Cir. 2009), the Tenth Circuit limited the circumstances in which an ends of justice continuance can be granted and emphasized that this should be a rarely used procedural tool. The parties must provide the district court a sufficient record to determine why the facts stated in a motion for continuance "result[] in the need for additional time." Id. at 1271. This requires the parties to provide extensive and specific information about the need for a continuance, and the district court may need to hold a hearing before granting an ends of justice continuance. Id. at 1272-73. A district court must also give significant weight to the public's interest in a speedy trial, and the public's interest is generally served by strict adherence to the requirements of the Speedy Trial Act. Id. at 1273.

The Court has reviewed defendant's motion and finds that it should be granted. Defense counsel has identified several matters that require additional investigation, including a forensic examination of electronic evidence, defendant's medical and mental health conditions, and defendant's competency to stand trial. These matters are key to providing an adequate defense to

3

defendant, and defense counsel should also be permitted to explore whether there is reason to question defendant's competence to stand trial. Defendant is unable to drive and he depends on his mother to provide transportation to attorney-client meetings. The Court also notes that the Federal Public Defender for the Northern District of Oklahoma is operating with only two attorneys, and this has increased defense counsel's caseload. Defense counsel's request for additional time is reasonable under the circumstances, and the Court finds that his request for an August jury trial setting is also reasonable. In addition to the interests of the defendant, the Court has considered the public's interest in the speedy resolution of criminal cases and finds that a limited ends of justice continuance will not subvert the public's interest in the prompt prosecution of criminal matters.

**IT IS THEREFORE ORDERED** that defendant's Unopposed Motion to Continue Jury Trial and Related Dates (Dkt. # 11) is **granted**. The jury trial set for May 21, 2012 is **stricken**. The following amended scheduling order is hereby entered:

| | |
|---|---|
| Motions due: | July 19, 2012 |
| Responses due: | July 26, 2012 |
| **PT/CP/Motions Hearing:** | **July 31, 2012 at 10:30 a.m.** |
| Voir dire, jury instructions, and trial briefs due: | August 13, 2012 |
| **Jury Trial:** | **August 20, 2012 at 9:15 a.m.** |

**IT IS FURTHER ORDERED** that the time between May 21 and August 20, 2012 is excludable pursuant to 18 U.S.C. § 3161(h)(7).

**DATED** this 18th day of April, 2012.

*/s/ Claire V. Eagan*
CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE