# UNITED STATES DISTRICT COURT FOR
# THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 12-CR-0063-001-CVE |
| ) | |
| BRIAN EDWARD RUHL, ) | |
| ) | |
| Defendant. ) | |

## OPINION AND ORDER

Before the Court is defendant's Motion For Correction of Clerical Mistakes (Dkt. # 44), wherein he requests the Court strike special conditions from the judgment pursuant to Fed. R. Crim. P. 36. Defendant argues that he is prejudiced by the Court's imposition of the Special Sex Offender Conditions of which defendant asserts he had no notice nor were the special conditions orally pronounced by the Court. Defendant concedes that he had constructive notice pursuant to USSG §5D1.3(d)(7) (Sex Offenses), but argues that he was barred by pretrial release conditions from accessing the Court's website to learn of his special conditions. Further, defendant argues that he has limited cognitive capabilities and is therefore, not a person of ordinary intelligence. Defendant requests the Court strike conditions 1(b), 1(c), and 1(d) of the Special Sex Offender Conditions.[1]

On April 2, 2012, defendant was charged in a four-count indictment with distribution of child pornography and possession and attempted possession of child pornography. On July 31, 2012, he

---

[1] Defendant claims that the Court's website address was listed incorrectly in the presentence investigation report, and his family was unable to access the website. Dkt. # 44, at 3-4. Defendant has been advised of the correct address and the United States Probation Office has sent him screenshots of the information contained on the website.

pled guilty to count four, possession and attempted possession of child pornography, and this is a sex offense.  At the change of plea hearing, defendant was advised that he would be sentenced to a term of supervised release of at least five year and up to life.  On October 29, 2012, defendant was sentenced to 46 months imprisonment, to be followed by a seven-year term of supervised release. As a condition of supervised release, defendant was ordered to abide by the "Special Sex Offender Conditions," as previously adopted by the Court in general order number 08-3.  The presentence investigation report (PSR) states that defendant pled guilty to a sex offense and that special sex offender condition could be imposed, and at the sentencing hearing he acknowledged that he had reviewed the PSR with his attorney.

Defendant's mental limitations, access to computers, nor lack of oral pronouncement of sentence are relevant to the issue of notice.  The PSR at ¶ 48 advises that "because the offense of conviction is a sex offense, the Court may impose the 'Special Sex Offender Conditions'."  Further, pursuant to §5D1.3(b), "[t]he court may impose other conditions of supervised release to the extent that such conditions (1) are reasonably related to (A) the nature and circumstances of the offense and the history and characteristics of the defendant; (B) the need for the sentence imposed to afford adequate deterrence to criminal conduct; (C) the need to protect the public from further crimes of the defendant. . ."  The guidelines contemplate and give constructive notice that the Court will tailor supervised release conditions to fit the circumstances of the offense and the characteristics of the offender.  See United States v. Brown, 235 F.3d 2 (1st Cir. 2000) (holding a special condition of probation or supervised release falls within the general range of sentencing options made available under the guidelines.  A defendant is not entitled to advance notice of the sentencing courts's intention to impose a special condition).  In Brown, as in the instant case, the court reasoned that the

drafting of a special condition merely amplifies the standard condition. In the instant case, the defendant is attempting to strike three special conditions. The first, 1(b) is a prohibition on contact with children under the age of 18. The second, 1(c) is a restriction from engaging in any occupation, business, or profession where the defendant would have contact with children under 18. The third, 1(d) is a prohibition on viewing or possessing any sexually explicit materials or child pornography. Each condition is reasonably related to the aforementioned purposes of §5D1.3(b) and the factors to be considered by the court in 18 U.S.C. § 3553(a). Additionally, the Court is not required to articulate the special conditions word for word nor does the Court have to describe every possible permutation or spell out every detail. Instead, sentencing courts may use categorical terms to frame the contours of supervised release conditions and such categorical terms can provide adequate notice of prohibited conduct when there is a commonsense understanding of what activities the categories encompass. See United States v. Collins, II, 461 Fed. App'x 807 (10th Cir. Apr. 5, 2012); United States v. Spann, 2013 WL 3991782 (D. Kan. July 30, 2013). Finally, the Court imposed the "Special Sex Offender Conditions" in open court with the defendant and defense counsel present, and defendant had notice before the sentencing hearing that such conditions could be imposed.

The Court finds that the defendant had notice of the "Special Sex Offender Condition." Further, the challenged condition is reasonable related to the nature and circumstances of the offense and the defendant's characteristics. Finally, the challenged condition is among the recommended conditions set forth in the Sentencing Guidelines and the factual predicates for its imposition were fully addressed in the presentence report. The Court also notes that defendant's motion was filed as a motion to correct a clerical mistake under Rule 36. Defendant was advised at the sentencing

hearing that such a condition would be imposed, and the inclusion of the Special Sex Offender Condition was not a clerical mistake or error that could be "corrected" under Rule 36..

**IT IS THEREFORE ORDERED** that the defendant's Motion For Correction of Clerical Mistakes (Dkt. # 44) is **denied.**

**DATED** this 5th day of March, 2014.

*/s/ Claire V. Eagan*
CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE